Matthew M. Levy, J.
The petitioner and the respondent in this proceeding, respectively Plein and Charehat, were, at one time, business associates. They came, however, to a parting of the ways in 1960, and their differences have since that time occupied the attention of my brethren in the courts of New York State, the United States, and South Africa, as well as that of the gentlemen of the American Arbitration Association.
The parties are signatories to a rather broad arbitration agreement. Among other things, it gives the arbitrators jurisdiction of “all disputes between Charehat and Plein.” The validity and enforceability of this arbitration clause has been upheld by the courts of this State (Matter of Plein [Charchat), 17 A D 2d 25, 28, affd. 12 N Y 2d 736).
Some time ago, Charehat, the respondent here, sought and obtained arbitration of a dispute with Plein. Charehat prevailed therein and that arbitration award has been merged in a judgment entered in this court. Plein has appealed from the judgment and that appeal is now pending in the Appellate Division, but there has been no stay while awaiting submission and determination.
Now, a new demand for arbitration was served upon the petitioner by the respondent herein who asserts that the petitioner has refused to honor the judgment and that, subsequent to the rendition of the award, the petitioner and his brother-in-law and co-conspirator have caused a suit to be instituted against the respondent by a corporation known as Bedit Properties (Proprietary) Limited — alleged by him to be the surreptitious alter ego of the petitioner. In the first arbitration there was basically involved certain bills of exchange as to which it was adjudged that the respondent was not personally liable, and he asserts that the purpose of the Bedit suit, grounded upon alleged transfers of such bills, is to overcome this arbitral and judicial holding. It is to be noted, too, that in opposition to the prior demand, the petitioner had urged that a certain South African *164 judgment was res judicata. It was held that the foreign judgment was obtained through wrongful conduct of the petitioner; and the respondent urges that the Bedit action is against the spirit of the award and judgment, that the petitioner is a real party in interest in that suit, and that the institution thereof was wrongful.
In his present demand for arbitration, the respondent asks that the petitioner be required to deliver a certified check for the amount of the judgment resulting from the prior arbitration and a certified check for the amount sought in the pending litigation, since these are matters determined by the prior arbitration award and judgment but which have not been honored by the petitioner; and, in addition, it is demanded that the arbitrators award to the respondent the sum of $10,000, the expense incurred as a result of the petitioner’s wrongful conduct since the rendition of the prior arbitration award.
The matter comes before me by way of an application for a stay of this most recently sought arbitration, and a vacatur of the respondent’s demand therefor, on the ground, as claimed by the petitioner, that it is solely an attempt by the respondent to deprive the petitioner of his right of appeal from the judgment confirming the previous award. This the respondent denies, and he advances, further, the contention that the restraint now sought is an indirect method of procuring a stay, without bond or court sanction, of the enforcement of the judgment.
As I view the picture presented on this phase of the case, the respondent does seek to have the arbitrators now award to him that which is already the subject of a final judgment in his favor, and from which judgment the petitioner has taken and is prosecuting an appeal as of right therefrom, as authorized by statute (CPLR 5701, subd. [a]). While neither counsel nor the court has been able to unearth an authoritative precedent in point, I do not hesitate to hold, as a de novo matter, that the respondent’s attempt to invoke the arbitration machinery — at least as to this aspect of the case — is both needless and impermissible.
It is my opinion that failure to comply with the judgment or conduct deemed contumacious with respect to it is not a matter for further contractual arbitration but, rather, a matter of judicial enforcement of the judgment. There is no more valid basis in modern practice for building a new arbitration award upon a judgment in arbitration as it was in the early years of conveyancing of property to ingender ‘1 an use of an use ’ ’.* The *165 arbitration tribunal has made the award and the court has duly confirmed it and embodied it in a final judgment. It is the function of the courts to enforce that judgment, not of the arbitrators to enforce their award. The respondent, Charchat, has obtained, on the issues there involved and determined, a final judgment which has not been stayed pending appeal. If not satisfied with the present state of affairs, he has a complete remedy through the courts, but not in further arbitration proceedings.
On another phase of the instant case, I find that the demand does embrace an arbitrable issue; for, while other parties are named and included in the suit by Bedit, there is definitely, as between Plein and Charchat, a new disagreement, which is properly the subject of arbitration at this juncture. That relates to the claimed wrongful conduct of the petitioner involved in the commencement of that action and the claimed resulting damage to the respondent — which is a “ dispute ” between the contracting parties.
The respondent’s present demand for arbitration does not seek a determination of the merits of the pending action (as alleged in the petitioner’s moving papers herein) but, rather, of the threshold question of whether that suit is wrongfully instituted or instigated by one signatory to this broad arbitration agreement against another. These issues seem clearly within the purview of that agreement, being the kernel of a dispute between the two parties thereto, and, as I have said, the agreement covers “ all disputes ” between them. And I hold that they are required to arbitrate disputes between them of every character arising at any time — save, as I have hereinbefore held, that a “ dispute ” does not envisage the enforcement of a judgment already obtained. Issue in the pending action, in which the respondent is the defendant, has been joined and the basic merits there involved are not subject of the demand or of any arbitration. The matter to be arbitrated is merely, as stated, the dispute as to the petitioner’s alleged wrongful incitement of the suit, and the merit of that issue is for the arbitrators to resolve under the contract.
In view of the foregoing, it is my determination that the demand for arbitration must be and it hereby is modified to limit it to the questions surrounding the Bedit suit, as herein-above discussed. As a consequence, the petitioner’s application for a stay of arbitration and for a vacatur of the demand is granted to the extent of thus restricting the demand, and is otherwise denied.

 Tyrrel’s Case, 2 Dyer 155a, 155b [20], 73 Eng. Repr. 336, 337 (K.B., 1556-1557).